PIERCE, Judge.
The lower Court entered its summary judgment for appellee-plaintiff Von On-weller Construction Company, Inc., and ordered recovery of $979.50 plus costs from appellant-defendant Old Republic Insurance Company. In an earlier order the trial Court denied Old Republic’s motion to dismiss Von Onweller’s complaint and granted Von Onweller’s motion to strike Old Republic’s defense that the oral contract is barred by the Statute of Frauds. We reverse.
Old Republic issued a policy of insurance to Richard A. Otto and Betty C. Otto insuring their interest and the interest of First National Bank in Fort Lauderdale as first mortgagee in property located in St. Petersburg. A fire occurred resulting *504 in damage to the dwelling which was occupied by Lois A. Traylor. Insurance Adjuster Howard, who was stipulated to be the agent of Old Republic, investigated the fire loss and learned that there was a question of coverage because the named insured was not the same as the owner of record. He reported this to Old Republic but did not advise Mrs. Traylor or Von Onweller at that time. Howard contacted Von Onweller and requested him to submit an estimate of the repairs. Upon submission of the estimate, Howard told Von Onweller: “If it is O.K. with the owner of the property, it is O.K. with me.” He also gave Von Onweller the plat and page number designating Mrs. Traylor as owner. Von Onweller obtained Mrs. Traylor’s authority to make the repairs and started to work immediately. He completed the work and sent the bill to Mrs. Traylor. Some time later he was advised by Howard that there was a coverage mix-up.
The affidavit of Mr. Gene Sexton, a casualty claims adjuster for seven years, indicated that he was familiar with custom and usage in the insurance adjusting trade and in adjusting losses and was familiar with statements made by insurance adjusters to the effect that “if it is O.K. with the owner of the property it is O.K. with me,” in regard to repairing damaged property; and that such statement is generally regarded as in fact an authorization from the insurance company for the repairing organization to repair the damaged property.
An insurance adjuster is a special agent for the company and his powers and authority are prima facie coextensive with the business intrusted to his care, 18 Fla.Jur., Insurance, § 360; 44 Am.Jur.2d, Insurance, § 1702, which is ascertaining and determining the amount of any claim, loss or damage payable under an insurance contract, and/or effecting settlement of such claim, loss or damage. F.S. §§ 626.0404 and 626.040S, F.S.A. The acts of an adjuster within the apparent scope of his authority are binding on the company without notice to the insured of limitations on his powers. 16A Appleman Ins. L. & P., § 9369; 45 C.J.S. Insurance § 1102. See also Guarantee Mut. Fire Ins. Co. v. Jacobs, Fla.1952, 57 So.2d 845; English and American Ins. Co. v. Swain Groves, Inc., Fla.App.1969, 218 So.2d 453.
Von Onweller’s deposition reveals that he knew that the adjuster’s function is to agree to the reasonableness of the estimate and that the owner’s function is to authorize repairs on the premises. He further testified:
“A. * * * Of course, it is customary to consult with the adjuster who handles the case and if he agrees to a figure then that is what the company will pay.
Q. To the owner, of course?
A. That is right. That is anybody’s name who is on the policy, including mortgagees.”
He also stated that the bill for the repairs was sent to Mrs. Traylor, since it was customary to send it to the owner because the check will come payable to the owner and not to the contractor; that Howard did not personally guarantee payment; that “Mrs. Traylor authorized the work as owner, which is customary, because the insurance company is not in the repair business and it is up to the owner of the property to authorize repairs.” Mr. Howard testified that he never advised Von Onweller whether or not he would pay him, and that the company never pays the contractor directly.
There was a question of fact as to whether or not Von Onweller had notice that it was not within the scope of Howard’s authority to contract with the construction company to make the repairs.
We hold that the lower Court was correct in striking Old Republic’s defense that the oral contract was in violation of the Statute of Frauds. Von Onweller alleged a direct contract with Old Republic— *505 not a contract to pay the debt of the owner of the dwelling or anyone else.
The lower Court was also correct in denying Old Republic’s motion to dismiss the complaint on the grounds that it failed to specify the terms of the contract and failed to allege that all conditions precedent to the contract had been performed. A reading of the complaint reveals that it sufficiently alleged performance of conditions precedent and the terms of the contract. Plowden & Roberts, Inc. v. Conway, Fla.App.1966, 192 So.2d 528; R.C.P. 1.120(c), 30 F.S.A.
The summary final judgment for appel-lee is reversed and the cause remanded for further action consistent herewith.
Reversed and remanded.
LILES, Acting C. J., and McNULTY, J., concur.