402 So.2d 1367 (1981)
Ruth W. JENNINGS, Appellant/Cross-Appellee,
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee/Cross-Appellant,
v.
CAPITAL CITY FIRST NATIONAL BANK, Appellee/Cross-Appellee.
No. AB-50.
District Court of Appeal of Florida, First District.
September 4, 1981.
*1368 Julius F. Parker of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellant/cross-appellee Ruth W. Jennings.
John D. Buchanan, Jr. of Henry, Buchanan, Mick & English, P.A., Tallahassee, for appellee/cross-appellant.
C. Gary Williams and Michael J. Glazer of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee/cross-appellee.
THOMPSON, Judge.
This is an appeal from an order dismissing with prejudice the complaint of the appellant Ruth Jennings ("Jennings") against Prudential Insurance Company of America ("Prudential") and Capital City First National Bank ("Bank") and a cross-appeal from the same order by Prudential from the dismissal of the interpleader action filed by it. We find no error in the final order of the trial court and affirm.
In 1966, Prudential issued a life insurance policy to Jennings' husband. This policy designated her as the beneficiary. In 1967, and again in 1969, the husband assigned this policy to the Bank as collateral for several loans he had obtained. He filed for bankruptcy in 1972 and in 1974 his "Discharge of Bankrupt" was issued.
Jennings' husband died in 1979 and a claim was made on her behalf, as beneficiary, for the proceeds of the policy. She was advised by Prudential that there had been an assignment of the policy to the Bank and that the Bank claimed the entire death benefits. Efforts to resolve the differences between the Bank and Jennings were unsuccessful. Jennings filed a complaint against Prudential and the Bank *1369 seeking a declaration from the court that she was entitled to the death benefits of the policy and that the Bank had no claim whatsoever to the proceeds of the policy. Jennings alleged in her complaint that any cause of action by the Bank against her husband accrued no later than 1974 when he was discharged in bankruptcy and, therefore, the Bank's claim was barred by the five-year statute of limitations. Jennings also alleged that no claim was filed in the probate proceedings and that the time for filing such a claim had expired.
The bank moved to dismiss the complaint for failure to state a cause of action. Prudential cross-claimed against the Bank and counter-claimed against Jennings with an interpleader action. After a hearing on both motions, the court granted with prejudice the Bank's motion to dismiss and dismissed the interpleader action with prejudice as having been rendered moot.
The assignment from Jennings' husband to the Bank vested the legal title of the policy in the Bank, subject to the right of the insured to redeem the policy by the payment of the debt for which the policy was pledged as collateral. Travelers Insurance Company v. Tallahassee Bank & Trust Company, 133 So.2d 463 (Fla. 1st DCA 1961). The discharge of the bankrupt insured discharged his personal liability. Although the Bank can no longer collect from Jennings' husband, the discharge does not prevent the Bank from collecting its lien on the proceeds of the policy assigned to it as collateral for a debt, to the extent of the unpaid balance of the debt.
The Bank's rights to the proceeds of the policy are not barred by the statute of limitations. Jennings' husband defaulted in the payment of the premiums on the policy in 1973, and Prudential continued the policy as extended insurance under the non-forfeiture provisions of the policy. The Bank had no cause of action when Jennings' husband defaulted on his debt to the Bank or even when he was discharged as a bankrupt. The Bank did not have a cause of action on the policy until the death of Jennings' husband, and the statute of limitations did not begin to run until then.
As the Bank held the legal title to the policy, it had no duty to file a claim against the insured's estate. Neither the estate nor the beneficiary has any right to or interest in the death benefits of the assigned policy except to the extent that these proceeds exceed the debt owed. The record reflects that the debt in this case exceeded the amount of death benefits payable under the policy.
The trial court properly dismissed Jennings' complaint. This dismissal rendered the interpleader action moot and the trial judge correctly dismissed the interpleader action filed by Prudential.
The motion for attorney's fees filed by Prudential is denied. The Bank made no recovery on the policy assigned to it in this action and its motion for attorney's fees is denied. See § 627.428, Fla. Stat. (1979).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and JOANOS, J., concur.