530 So.2d 388 (1988)
Barbara J. Miller FLADD, Appellant,
v.
FORTUNE INSURANCE COMPANY, Appellee.
No. 87-2222.
District Court of Appeal of Florida, Second District.
August 10, 1988.
Rehearing Denied September 12, 1988.
*389 Arnold R. Ginsberg of Horton, Perse & Ginsberg and Associates & Bruce L. Scheiner, Miami, for appellant.
Charles P. Schropp of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee.
RYDER, Acting Chief Judge.
On March 28, 1981, appellant was injured when a vehicle in which she was a passenger was involved in an automobile accident. Efren Buenrostro, the owner and operator of the vehicle, had an insurance policy on the vehicle with appellee.
On July 8, 1981, appellant presented appellee with a completed application for personal injury protection benefits (PIP). Appellant claimed she was an omnibus insured under Buenrostro's policy because she was a passenger in Buenrostro's automobile at the time of the accident, did not own an automobile with respect to which security was required under Florida law, and was not covered by any automobile insurance of her own.
On May 29, 1986, appellant filed a two-count complaint against appellee contending breach of contract for failure to pay PIP benefits to appellant for an injury sustained while appellant was a passenger in a vehicle insured by appellee and seeking a declaratory judgment that an $8,000.00 deductible in appellee's policy did not apply to appellant. Appellee filed a motion to dismiss appellant's complaint contending, among other points, that appellant's action was barred by the statute of limitations. The trial court dismissed appellant's complaint with prejudice holding that appellant's cause of action was barred by the five-year statute of limitations which began to run on the date of the accident alleged in the amended complaint. § 95.11(2)(b), Fla. Stat. (1981).
On appeal, appellant contends that the trial court erred in dismissing her complaint with prejudice because appellant timely filed her breach of contract action within five years of the accrual of the cause of action. Citing section 627.736(4)(b), Florida Statutes (1981), which provides: "Personal injury protection insurance benefits shall be overdue if not paid within thirty days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same ...," appellant contends that an action to collect PIP benefits under a particular policy must be brought within five years of the contract breach, not within five years of the date of the accident. Appellant contends that the cause of action accrued and the statute of limitations began to run on August 9, 1981, the date upon which benefits under the policy became overdue. We disagree.
In State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla. 1982), the Florida Supreme Court held that a cause of action for an uninsured/underinsured motorist claim stems from the plaintiff's right of action against the tortfeasor and, thus, arises on the date of the accident. In Kilbreath, the appellant was injured in an automobile accident on June 11, 1972. He had four separate insurance policies with State Farm. On April 26, 1976, he requested arbitration of his claim. The request was denied on May 19, 1976. On May 16, 1980, appellant filed suit against State Farm seeking underinsured motorist benefits under the uninsured motorist coverage. The trial court dismissed appellant's action with prejudice holding that appellant's claim was barred by the statute of limitations.
The Fifth District Court of Appeal reversed the trial court and held that:

*390 When an insurance policy requires arbitration of claims and another provision specifies that no action shall lie against the company unless there has been full compliance with all terms of the policy, arbitration or its waiver or denial by the company is a condition precedent to an action on the policy. See Hall v. Nationwide Mutual Insurance Co., 189 So.2d 224 (Fla. 4th DCA 1966); Mike Bradford & Co., Inc. v. Gulf States Steel Co., Inc., 184 So.2d 911 (Fla. 3d DCA 1966). A statute of limitations on a contract action does not begin to run until an action can be brought on the contract, Briggs v. Fitzpatrick, 79 So.2d 848 (Fla. 1955), and no action can be brought on a contract until all conditions precedent to recovery on the contract have occurred. Gilbert v. American Casualty Co. of Reading Pennsylvania, 219 So.2d 84 (Fla. 3d DCA), cert. denied, 225 So.2d 920 (Fla. 1969). Therefore, the statute of limitations on a contract action does not begin to run until all conditions precedent to recovery under the contract have occurred. See Employers' Fire Insurance Co. v. Continental Insurance Co., 326 So.2d 177 (Fla. 1976). Consequently, since an action on an insurance policy is a contract action, the statute of limitations on an action on the policy does not begin to run until arbitration has occurred or has been waived or denied by the insurance company.
Kilbreath v. State Farm Mutual Automobile Insurance Co., 401 So.2d 846, 847 (Fla. 5th DCA 1981).
Judge Sharp dissented from the majority's position. Citing Bocek v. Inter-Insurance Exchange of Chicago Motor Club, 175 Ind. App. 69, 369 N.E.2d 1093 (1977), she stated that the right of action against an insurance company for an uninsured/underinsured motorist claim stems from the plaintiff's right of action against the tortfeasor. Consequently, the statute of limitations begins to run on the date of the accident. She concluded that the majority's position "permits the five-year statute of limitations provision to be extended to a maximum of ten years at the will of the party against whom it is supposed to be running  an incongruous result." Id.
Agreeing with Judge Sharp's position, the Florida Supreme Court reversed the Fifth District Court of Appeal. The supreme court held:
The cause of action for an uninsured/underinsured motorist claim arises on the date of the accident with an uninsured/underinsured motorist since the right of action stems from the plaintiff's right of action against the tortfeasor. The statute of limitations thus begins to run on the date of the accident rather than on the date of compliance with the conditions precedent contained in the insuring agreement. Mendlein [v. United States Fidelity & Guaranty Co., 277 So.2d 538 (Fla.3d DCA 1973)]; Bocek v. Inter-Insurance Exchange of Chicago Motor Club, 175 Ind. App. 69, 369 N.E.2d 1093 (1977).
* * * * * *
The uninsured motorist statute gives the insured the same cause of action against the insurer that he has against the uninsured/underinsured third party tortfeasor for damages for bodily injury. Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978). It provides a new procedure whereby the insured may recover his loss against his own insurer. The accrual of the action occurs at the time of the accident with the uninsured motorist. As pointed out by Judge Sharp in her dissent in the opinion below:
In an action against an insurance company for "underinsured" or "uninsured" motorist coverage the right of action stems from the plaintiff's right of action against the tortfeasor... .
State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632, 633-34 (Fla. 1982).
The Kilbreath rationale applies to a cause of action for a PIP claim. Section 627.736(4)(d)4, Florida Statutes (1981), specifically provides that the insurer of the owner of the motor vehicle must pay PIP benefits for accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle. Section 627.736(3), Florida Statutes (1981), *391 provides that the injured party, or his legal representative, may not recover any damages for which PIP benefits are paid or are payable. Clearly, the accidental bodily injury triggers the insurer's duty to pay. A cause of action for a PIP claim, like a cause of action for an uninsured/underinsured motorist claim, "stems from the plaintiff's right of action against the tortfeasor" and, thus, arises on the date of the accident.[1]
The trial court did not err when it dismissed appellant's claim with prejudice. Appellant was injured on March 28, 1981. Appellant's cause of action accrued on that date. Appellant did not file suit against appellee until May 29, 1986. The five-year statute of limitations had run. Appellant's claim was barred.
Affirmed.
DANAHY and FRANK, JJ., concur.
NOTES
[1] We note in the overwhelming majority of cases wherein PIP benefits are due, those claims are voluntarily accepted and paid to injured persons without any resort to or any form of litigation. This opinion does not address those instances where the insurance carriers accept and voluntarily pay PIP benefits to the injured parties entitled to same. On the facts of this case, we are not called upon to decide the effect upon the running of the statute of limitations wherein a carrier voluntarily pays PIP benefits to the end of the limitations period and then declines further benefits, claiming no further responsibility inasmuch as the statute has run and no complaint has been filed. However, we do observe that we are inclined to the view that a different result would occur so far as the running of the statute of limitations when the carrier has voluntarily accepted responsibility and made payments to claimants all along that period.

We can conceive of an occasion where a carrier might pay benefits to an entitled person for a period of time up to five years and then utilize this opinion as authority to cease those payments wherein the claimant would have had no notice of controversy and would have failed to file an action having been lulled into a sense of security or belief that no further action was necessary to insure receipts of benefits legally due. Therefore, and in that case, the statute of limitations may very well have been extended by the carrier's action.