574 So.2d 285 (1991)
James F. DONOVAN, Jr., Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, a Foreign Corporation, Appellee.
No. 90-01711.
District Court of Appeal of Florida, Second District.
February 13, 1991.
Daniel C. Kasaris of Yanchuck, Thompson, Young & Berman, P.A., St. Petersburg, for appellant.
H. Shelton Philips of Kaleel & Kaleel, P.A., for appellee.
PATTERSON, Judge.
Donovan appeals from the dismissal of his complaint, with prejudice, in an action to recover personal injury protection benefits. We reverse.
Donovan was injured in a motor vehicle accident on November 18, 1983. He was insured for personal injury protection (PIP) and medical payments benefits by State Farm Fire and Casualty Company (State Farm). Pursuant to those coverages, State Farm paid a number of Donovan's medical bills. By a letter dated November 17, 1986, State Farm declined to make further payments. On October 20, 1989, Donovan instituted this action for declaratory relief seeking a determination of his rights and State Farm's obligations regarding various unpaid medical expenses resulting from the 1983 accident. State Farm moved to dismiss asserting that the statute of limitation had expired five years from the date of the accident and that the claim was barred. The trial court granted the motion, with prejudice, and this timely appeal followed.
In arriving at its determination, the trial court relied on the holding of this court in Fladd v. Fortune Insurance Co., 530 So.2d 388 (Fla. 2d DCA), rev. denied, 539 So.2d 475 (Fla. 1988). Fladd was injured in a motor vehicle accident on March 28, 1981. She presented Fortune with a completed application for PIP benefits. Nothing further occurred, and on May 29, 1986, five years and sixty-two days after the accident, Fladd brought a declaratory relief action against Fortune seeking a determination on her PIP claim. Applying the five-year statute of limitations applicable to actions brought on a written contract, § 95.11(2)(b), Fla. Stat. (1981), the trial court ruled that the statute began to run on the date of the accident and dismissed Fladd's complaint with prejudice. This court agreed and affirmed. In so doing, however, we observed by way of a footnote:
We note in the overwhelming majority of cases wherein PIP benefits are due, those claims are voluntarily accepted and paid to injured persons without any resort to or any form of litigation. This opinion does not address those instances where the insurance carriers accept and voluntarily pay PIP benefits to the injured *286 parties entitled to same. On the facts of this case, we are not called upon to decide the effect upon the running of the statute of limitations wherein a carrier voluntarily pays PIP benefits to the end of the limitations period and then declines further benefits, claiming no further responsibility inasmuch as the statute has run and no complaint has been filed. However, we do observe that we are inclined to the view that a different result would occur so far as the running of the statute of limitations when the carrier has voluntarily accepted responsibility and made payments to claimants all along that period.
Fladd, 530 So.2d at 391 n. 1. Although the footnote contemplates a factual scenario somewhat different than that presented in Donovan's claim, the clear intent of the court was to exempt from the operation of the opinion those situations in which the insurer has accepted a PIP claim, made payments thereon, and then for any reason, refused further benefits. Fladd, therefore, has no application here.
Such situations are to be governed by the general principles of contract law. When parties are voluntarily acting pursuant to a contract, there is no cause of action upon that contract until a breach occurs. Special Tax School Dist. No. 1 of Orange County v. Hillman, 131 Fla. 725, 179 So. 805 (Fla. 1938). In regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running. See Klein v. John Hancock Mut. Life Ins. Co., 683 F.2d 358 (11th Cir.1982); Firemen's Ins. Co. of Newark, N.J. v. Olson, 176 So.2d 594 (Fla. 3d DCA 1965). Here, Donovan submitted medical bills and State Farm paid them over a period of three years until State Farm notified Donovan in writing, on November 17, 1986, that it would make no further payments. Only at that point did Donovan acquire a right to sue which began the statute running. His complaint was therefore timely filed within the five-year limitation period.
Reversed and remanded with directions to reinstate Donovan's complaint.
DANAHY, A.C.J., and FRANK, J., concur.