581 So.2d 981 (1991)
Jack ROTH and Carol Roth, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 90-01960.
District Court of Appeal of Florida, Second District.
June 21, 1991.
*982 Dennis G. Diecidue, Tampa, for appellants.
Karen A. Barnett of McKendree, Driscoll & Silver, Tampa, for appellee.
PARKER, Judge.
Jack and Carol Roth appeal a final judgment entered against them after the trial court dismissed their complaint for recovery of personal injury protection (PIP) benefits on the ground that the statute of limitations had run. We reverse, concluding that the limitations period did not begin to run until the insurer notified the Roths in writing that it had denied a claim.
The Roths, policyholders of State Farm Insurance Company (State Farm), were involved in a 1982 automobile accident. They both sustained personal injuries and sought and received medical treatment. State Farm voluntarily paid PIP benefits for the Roths' medical expenses for a period of time.
On December 10, 1984, Jack Roth's treating physician, Dr. Dunne, sent a letter to State Farm which recommended that Mr. Roth purchase a jacuzzi for severe muscle spasms and post-traumatic syndrome. State Farm, by letter dated March 5, 1985, denied the request for payment of a jacuzzi, stating that it was not a necessary and reasonable medical treatment. On May 21, 1985, Jack Roth's attorney resubmitted the request for purchase of a jacuzzi. State Farm denied this request in writing on May 28, 1985, stating that Jack Roth reached maximum medical improvement. On August 17, 1988, Jack Roth made another request for a jacuzzi. State Farm denied the request on December 8, 1988, citing the following reasons: the jacuzzi was not a necessary and reasonable medical treatment; the statute of limitations had run; and the insurance carrier that the Roths had at the time of a subsequent accident should be responsible for payment. On December 1, 1988, and December 2, 1988, Dr. Merin conducted a neuropsychological evaluation of Jack Roth and the $1,700 bill for that service was submitted to State Farm. On May 25, 1989, State Farm gave Mr. Roth written notice that it denied the bill of Dr. Merin because the statute of limitations had run. Additionally, State Farm refused to pay $185 in bills that Mr. Roth incurred for services rendered by Dr. Dunne. The record is unclear as to the dates that State Farm denied payment on these bills. Finally, State Farm refused payment on $240 of bills which Carol Roth incurred for services rendered by Dr. Dunne. The record again is unclear as to when State Farm provided written notice regarding the denial of payment of these bills.
On January 19, 1989, the Roths filed a lawsuit against State Farm for recovery of PIP benefits. Following motions by State Farm, the trial court, relying on the case of Fladd v. Fortune Insurance Company, 530 So.2d 388 (Fla. 2d DCA), review denied, 539 So.2d 475 (Fla. 1988), entered an order granting State Farm's motion to dismiss and for summary judgment, holding that the action was barred by the statute of limitations.[1] The trial court then entered a final judgment in favor of State Farm.
We find that the trial court erred in relying on Fladd. Instead, this case is controlled by this court's recent opinion in Donovan v. State Farm Fire and Casualty Co., 574 So.2d 285 (Fla. 2d DCA 1991), a decision filed after the trial court's order in the instant case. Donovan specifically held that Fladd has no application to those situations where the carrier voluntarily has made payments on a PIP claim and then refused further benefits. Donovan, 574 So.2d at 286. Donovan, which facts parallel the facts in the instant case, held:
In regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running. See Klein v. John Hancock Mut. Life Ins. Co., 683 F.2d 358 (11th Cir.1982); *983 Firemen's Ins. Co. of Newark, N.J. v. Olson, 176 So.2d 594 (Fla. 3d DCA 1965). Here, Donovan submitted medical bills and State Farm paid them over a period of three years until State Farm notified Donovan in writing, on November 17, 1986, that it would make no further payments. Only at that point did Donovan acquire a right to sue which began the statute running. His complaint was therefore timely filed within the five-year limitation period.
Donovan, 574 So.2d at 286.
Applying Donovan, we reverse and hold that the statute of limitations began to run on each claim when the Roths first received written notification that that specific claim was denied. Thus, the complaint filed on January 19, 1989, was filed within the limitations period. We, however, would note that an insured cannot extend the limitations period by repeatedly resubmitting the same claim as the Roths did for the jacuzzi. The statute of limitations for the jacuzzi claim began to run on March 5, 1985, when State Farm first provided written notice of the denial of the claim. In reversing, we note that this decision addresses only the application of when to start the running of the statute of limitations to determine if a PIP claim was timely filed. The trial court must still determine any disputed issues concerning the reasonableness and necessity of the claimed medical expenses or the relation of the expense to the 1982 accident.
Reversed and remanded.
DANAHY, A.C.J., and THREADGILL, J., concur.
NOTES
[1] In Fladd, this court equated a cause of action for a PIP claim to a cause of action for an uninsured/underinsured motorist claim and held that a cause of action for PIP benefits under the no-fault statute accrues from the date of the accident.