Irene S. LOEWER, Plaintiff,

v.

NEW YORK LIFE INSURANCE COMPANY, Defendant.

No. 91–104–CIV–FTM–17(D).

United States District Court,
M.D. Florida,
Fort Myers Division.

Sept. 20, 1991.

Phillip A. Roach, Bass & Chernoff, Naples, Fla., for plaintiff.

Sherryll Martens Dunaj, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, Fla., for defendant.

KOVACHEVICH, District Judge.

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Dismiss the claim of Plaintiff, IRENE S. LOEWER, filed May 24, 1991. Memoranda in support of the motion were filed May 24, 1991, and June 12, 1991. Memoranda in opposition were filed June 7, 1991, and July 19, 1991.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The complaint in this cause of action was filed April 3, 1991, by Plaintiff Irene S. Loewer, widow of the decedent, Alvin C. Loewer, Jr. The complaint named New York Life Insurance Company as the defendant.

The complaint asserts the following facts, which the Court accepts as true for the purposes of the Motion to Dismiss:

1. Plaintiff Irene S. Loewer or the Alvin C. Loewer marital trust, to be determined, was the designated beneficiary on two group life insurance policies issued by New York Life Insurance Company. Those policies were, namely:

(a) The Operations Research Society of America (hereinafter referred to as ORSA), policy number G–9400, certificate number 3807–009132; and

(b) The American Society of Civil Engineers (hereinafter referred to ASCE) policy number G–10500, certificate number 172440.

2. Plaintiff Irene S. Loewer is the beneficiary of the Alvin C. Loewer marital trust.

3. The policy amount on the ORSA policy was $36,000.00. The policy amount of the ASCE policy was $43,200.00.

4. The insured on the ORSA and ASCE policies was Alvin C. Loewer, Jr., date of birth, 04/28/21, date of death, February 11, 1986.

5. New York Life Insurance Company failed or refused to pay the proceeds of the ORSA policy to Plaintiff nor (sic) to the Alvin C. Loewer marital trust.

6. New York Life Insurance Company did not pay the proceeds of the ASCE policy to Plaintiff nor to the Alvin C. Loewer marital trust.

### NEW YORK LIFE'S MOTION
### TO DISMISS CLAIMS

### FAILURE TO FILE A CLAIM WITHIN THE STATUTE OF LIMITATIONS PERIOD

Initially, Defendant moves to dismiss the complaint because the complaint was not

filed within five years of the decedent's death. Defendant alleges that the claim is barred by the statute of limitations specified under Florida Statutes, § 95.11 (1985), which requires that a legal or equitable action on a contract, obligation, or liability founded on a written instrument shall be commenced within five years, or be barred by the statute of limitations.

The parties agree that a five-year statute of limitations applies to non-payment of insurance policies. *See Motion to Dismiss Complaint and Supporting Memorandum of Law* at p. 2; *Opposition Memorandum* at p. 2. The complaint alleges that the decedent died on February 11, 1986. However, the complaint was not filed until April 3, 1991, more than five years later. Thus, if the statute of limitations began to accrue on the date of the decedent's death, the Motion to Dismiss should be granted according to Rule 12(b)(6), Fed.R.Civ.P. *See New Port Largo, Inc. v. Monroe County,* 706 F.Supp. 1507, 1516 (S.D.Fla.1988) ("[w]hen, after taking plaintiff's allegations in the complaint as true, a claim is time barred on its face, the granting of a motion to dismiss is proper"); *Hendrickson v. Buchbinder,* 465 F.Supp. 1250 (S.D.Fla.1979) ("[w]here the statute of limitations appears on the face of a complaint, the complaint fails to state a claim for which relief can be granted and dismissal pursuant to Rule 12(b)(6) is proper"); *White v. Padgett,* 475 F.2d 79 (5th Cir.1973), *cert. denied* 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973) ("the complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted when the affirmative defense clearly appears on the face of the complaint").

■ The initial question this Court will address, then, is whether the statute of limitations for the filing of a claim on the life insurance policy began to run on the date of the insured's death, and is thus barred by the applicable statute of limitations.

The statute of limitations applicable to a legal or equitable action on a contract, obligation, or liability founded on a written instrument is five years. FLA.STAT. § 95.-11(2)(b) (1985). Defendant urges that this period should begin to run on the date the event which triggered payments under the policy occurred, and asserts that this date was the date of the insured's death. To support this proposition, the claimant cites to *Fladd v. Fortune Insurance Company,* 530 So.2d 388 (Fla.2d DCA 1988). In that case, the court held that when applied to an automobile passenger's action against the insurer for breach of contract for failure to pay personal injury benefits, the five-year statute of limitations under Florida Statutes § 95.11(2)(b) commenced to run on the date of the accident. The *Fladd* court cited to *State Farm Mutual Automobile Insurance Co. v. Kilbreath,* 419 So.2d 632 (Fla.1982), where the Florida Supreme Court held that a cause of action for an uninsured/underinsured motorist claim stems from the plaintiff's cause of action against the tortfeasor, and thus, the statute of limitations begins to run on the date of the accident.

To the contrary, Plaintiff urges that the statute of limitations period should begin to run from the time of the breach of the insurance contract. This date, she asserts, was not the date of the insured's death, but rather the date of improper payment under the insurance contract. She asserts that this brings the commencement of the action within the five-year statute of limitations period. In support of this proposition, she cites to *Levy v. The Travelers Insurance Company, et al,* 580 So.2d 190 (Fla. 4th DCA 1991). The *Levy* court acknowledged conflict with *Fladd,* in holding that the statute of limitations should begin to accrue from the time of the breach of the contract. The insurance contract at issue in that case pertained to personal injury protection benefits. However, the court found "no reason to depart from the usual and customary rules regarding application of the statute of limitations to insurance contracts, unless there is an exception brought about by the nature of the claim, as in the uninsured motorist instance set forth in *Kilbreath." Id.* At the time of the accident at issue in that case, the court reasoned, the defendant owed no contractu-

al obligation to pay first-party benefits, and therefore, it had not yet breached any contractual obligation to the plaintiff. In addition, in the *Fladd* case, as in the case at bar, the manner in which payments under the policy were to be made was governed by the Florida Statutes. *See* FLA.STAT. § 627.736(4)(b) and FLA.STAT. § 733.808 (1985).

The Florida Legislature did not explicitly set out its intent regarding when the limitations period should begin to run under the statute of limitations listed under § 95.11 of the Florida Statutes. However, there has been some judicial interpretation of this issue. Specifically, in *Walker v. Beech Aircraft Corp.*, 320 So.2d 418 (Fla. 3d DCA 1975), the court held that the intent of § 95.11(6) (a similar statute of limitations provision applying to wrongful death actions) was to limit the commencement of actions to two years from the *time of their accrual* (emphasis added). A cause of action cannot be said to have accrued, within the meaning of the statute of limitations, however, until an action may be brought. "There must be some person capable of suing or being sued upon the claim in order for the statute to begin to run." *Berger v. Jackson*, 156 Fla. 251, 259–60, 23 So.2d 265, 269 (1945). As this pertains to a cause of action on a contract, the general rule is that "in contract cases, the cause of action accrues and the statute of limitations begins to run from the time of the breach of the contract." *Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 389 N.E.2d 99, 415 N.Y.S.2d 785 (1979).

In determining at what point the insurance contract at bar was breached, at what point an action could have been brought, and thus, when the statute of limitations began to run, the statutory provisions regarding payments under life insurance policies are relevant. Florida Statutes, § 733.-808(2) provides that "upon the admission of the will to probate, the death benefits *shall* be paid to the trustee, to be held, administered, and disposed of in accordance with the terms of the trust created by the will." Under the same provision, when no trustee makes proper claim to the proceeds within six months after the date of death of the insured, or if satisfactory evidence is furnished to the insurer within that period that there is, or will be, no trustee to receive the proceeds, "payment *shall* be made to the personal representative of the person making such designation, unless otherwise provided" in the agreement with the insurer. FLA.STAT. § 733.808(3) (1985) (emphasis added).

Thus, Defendant in the case at bar was obligated to pay the proceeds of the life insurance policies to the trustee upon admission of the will to probate, or after six months following the date of death, or, whenever satisfactory evidence was furnished the insurer that there was or would be no trustee to receive the proceeds, to the personal representative of the insured, unless the insurance agreement provided otherwise. Under the reasoning in *Levy*, at the time of the insured's death in the case at bar, Defendant owed no contractual obligation to pay first-party benefits to anyone. Therefore, the insurance company had not then breached any contractual obligation to Plaintiff, or to anyone else. Thus the cause of action could not have accrued until the insurer was obligated to make payments under the contract and failed to make such payments timely or properly, or otherwise made improper payments under the insurance contract. Construing the allegations in the complaint in the light most favorable to Plaintiff, if Defendant "failed or refused to pay the proceeds of the policies to Plaintiff or the marital trust" as provided under the statutory provisions, then Defendant was in breach of the insurance agreement at that time, rather than at the date of the insured's death, when the insurer had no obligation to pay the proceeds of the policies to anyone. Therefore, the cause of action would have accrued at the time of improper payment, and the statute of limitations would have started to run at that time.

In addition to the reasoning under *Levy* and the statutory provisions governing the payment of life insurance proceeds, more recent case law on the subject provides that the statute of limitations begins to run on an insurance claim when the insured

first receives written notification that a specific claim was denied. *Roth v. State Farm Mutual Automobile Ins. Co.,* 581 So.2d 981 (Fla. 2d DCA 1991). *Roth* stems from the same district court which decided *Fladd,* upon which Defendant here so heavily relies. The *Roth* court found that the trial court erroneously relied on *Fladd* in granting a motion to dismiss, because of the more recent holding in *Donovan v. State Farm Fire and Casualty Co.,* 574 So.2d 285 (Fla. 2d DCA 1991). *Donovan* specifically held that *Fladd* had no application to situations where the insurance carrier voluntarily made payments on a personal injury protection claim, and then refused further benefits. The *Roth* court held that regarding insurance contracts, the specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running. The *Donovan* court further emphasized that, in a footnote to the *Fladd* opinion, the court noted that it did not address those instances where the insurer accepts and voluntarily pays PIP benefits, where the *Fladd* court was inclined to the view that a different result would occur. Such situations, the court held, "are to be governed by general principles of contract law." *Id.*

The *Donovan* court further cited to several cases regarding insurance contracts. Specifically, in *Klein v. John Hancock Mut. Life Ins. Co.,* 683 F.2d 358 (11th Cir. 1982), the court held that a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running on a claim on an insurance contract; and in *Special Tax School Dist. No. 1 of Orange County v. Hillman,* 131 Fla. 725, 179 So. 805 (Fla. 1938), the court held that "when parties are voluntarily acting pursuant to a contract, there is no cause of action upon that contract until a breach occurs." The court also noted the holding in *Franklin Life Ins. Co. v. Tharpe,* 130 Fla. 546, 178 So. 300 (Fla.1938), where it was said that if one is in possession of property for and in the right of another, the cause of action arises, and the statute of limitations begins to run from the time of notice of an adverse holding or an antagonistic claim. In the case at

bar, this would have occurred when Plaintiff had notice that the insurer refused her claim, or improperly paid another the proceeds of the policies, not the date of death of the insured.

The dismissal of a plaintiff's action is proper only if the defendants show conclusively from the face of the complaint that the cause of action is barred by the statute of limitations. *Wimpey v. Sanchez,* 386 So.2d 1241 (Fla. 3d DCA 1980), *quashed on other grounds,* 409 So.2d 20 (Fla.1982). Taking the facts alleged in the complaint in the light most favorable to Plaintiff, Defendant has failed to show conclusively that the statute of limitations bars this action.

Further, given the weight of more recent authority at this time, as well as the statutory provisions governing payment of life insurance proceeds, the Court finds Defendant's reliance on *Jennings v. Prudential Ins. Co. of America,* 402 So.2d 1367 (Fla. 1st DCA 1981), for the proposition that the cause of action on a life insurance policy begins to run on the date of the insured's death, unconvincing. That case involved the accrual of a cause of action for an assignee to a life insurance policy, and a dispute primarily between putative beneficiaries where the insurer brought an interpleader action. Thus, this Court declines to expand the reasoning under *Kilbreath* and *Fladd* to more than the limited fact pattern in those cases, and denies the motion to dismiss for violation of the statute of limitations.

### FAILURE TO JOIN A NECESSARY AND INDISPENSABLE PARTY

Secondly, Defendant moves to dismiss the complaint because Plaintiff did not join as a defendant the trustee of the trust to which Plaintiff claims to be a beneficiary. Defendant alleges that the trustee is a necessary and indispensable party under Rule 19, Fed.R.Civ.P., and that pursuant to Rule 12(b)(7), Fed.R.Civ.P., failure to join him or her warrants dismissal.

To the contrary, Plaintiff maintains that since the trust is yet "to be determined," or has not yet been admitted to probate, nei-

ther a trust nor a trustee exists. Thus, it is not possible to join the trustee. Plaintiff concedes, however, that in the event a testamentary trust is created and a trustee other than Plaintiff is appointed, the complaint may have to be amended to add an indispensable party.

Under Rule 19, if feasible, a person subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action, if relief cannot be accorded among those already parties. Additionally, such person shall be joined if he or she claims an interest relating to the subject of the action, and if such person is not joined, that person's ability to protect his or her interest will be impaired or impeded. Thirdly, if any of the other parties to the action run the risk of incurring multiple or inconsistent obligations by reason of the claimed interest if such party is not joined, then that person shall be joined. Applying Rule 19 to the case at bar, it is not feasible to join a party not yet in existence, as a trustee not yet determined would be. Thus, this Court must determine whether, in equity and good conscience, the action should proceed among the parties before it, considering the potential prejudice to the trustee and the existing parties, the Court's ability to mitigate any prejudice through its judgment, the Court's ability to render an adequate judgment, and the effect of dismissal on Plaintiff's ability to obtain relief.

■ Since the Court has found little interpretive case law in the federal system, it looks to state law. While the general rule is that a trustee is an indispensable party to an action affecting the corpus or assets of the trust, without whom the action cannot proceed, *see First National Bank of Hollywood v. Broward National Bank of Fort Lauderdale*, 265 So.2d 377 (Fla. 4th DCA 1972), the Court has found little interpretation of the joinder rule regarding trustees not yet determined. Neither Plaintiff nor Defendant cite to any cases which hold, directly or indirectly, that a trustee not yet determined is a necessary and indispensable party. Under *Chapman*

*v. L & N Grove, Inc.*, 265 So.2d 725 (Fla. 2d DCA 1972), however, the court reasoned that where a complaint had been filed prior to the dissolution of a corporation, trustees of the dissolved corporation did not exist at the time of the filing of the complaint, and therefore, were not indispensable parties. Applying this reasoning to the case at bar, the trustee of the Alvin C. Loewer marital trust was not in existence at the time of the filing of the complaint. Therefore, the trustee to be determined is not an indispensable party.

Further, this Court notes that any prejudice to the trustee or existing parties may be remedied by future amendment of the complaint to join the trustee, if and when determined. In addition, any prejudice produced by the potential judgment may be mitigated through Defendant's ability to make use of the impleader rules, and the Court has the ability to render a judgment that would be adequate for Plaintiff's damages. Finally, if the Motion to Dismiss is granted, Plaintiff is potentially barred from any remedy due to the statute of limitations. Thus, in equity and good conscience, this Court determines that the action may proceed among the parties before it. Defendant's motion to dismiss for failure to join a necessary and indispensable party is denied.

### FAILURE TO ALLEGE FACTS ESSENTIAL TO STATE A CLAIM

■ Thirdly, Defendant moves to dismiss the complaint on the assertion that Plaintiff has not alleged facts essential to state a claim, by failing to assert damages and a satisfaction of all conditions precedent. As support for this proposition, Defendant cites to *Knowles v. C.I.T. Corp.*, 346 So.2d 1042 (Fla. 1st DCA 1977), in which it was said that in order to state a claim for breach of contract, the claimant must allege and prove the existence of the contract, a breach thereof, and damages resulting from the breach. In addition, Defendant asserts that under *Old Republic Ins. Co. v. Von Onweller Const. Co.*, 239 So.2d 503 (Fla. 2d DCA 1970), the claimant

must also allege the satisfaction of all conditions precedent to the institution of the action.

Plaintiff asserts, to the contrary, that under *Knowles*, the allegation of damages from the breach is not mandatory, but that the case holds merely that the burden of *proving* damages is upon the claimant. Further, Plaintiff claims that under Rule 9(c), Fed.R.Civ.P., the complaint must merely generally aver that all conditions precedent have been performed or have occurred.

This Court agrees with Plaintiff's reading of *Knowles* and Rule 9(c), and further brings the parties' attention to Rule 8(a)(2), Fed.R.Civ.P. That rule requires simply that a pleading which sets forth a claim shall contain a "short and plain statement of ... the court's jurisdiction [and] ... the claim showing that the pleader is entitled to relief," and "a demand for judgment." The court in *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir.1944), interpreted this pleading requirement under Rule 8(a) as a simple requirement to state a claim showing that the pleader is entitled to relief. This Court holds that the complaint meets this pleading standard. Thus, Defendant's motion to dismiss on the grounds that Plaintiff has failed to state a claim upon which relief can be granted is not well-taken. Accordingly, it is

ORDERED that the motion to dismiss be DENIED and Defendant shall have ten (10) days from this date in which to answer the complaint.

DONE and ORDERED.