678 So.2d 818 (1996)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and State Farm Fire and Casualty Company, Petitioners,
v.
Kunbok LEE and Gisun Lee, Respondents.
No. 86969.
Supreme Court of Florida.
August 22, 1996.
James T. Sparkman and John W. Reis of Sparkman, Robb, Nelson & Mason, Miami, for Petitioners.
Robert A. Rosenblatt, Miami, for Respondents.
Edward S. Schwartz of the Law Offices of Philip M. Gerson, P.A., Miami, Amicus Curiae for the Academy of Florida Trial Lawyers.
PER CURIAM.
We have for review Lee v. State Farm Mutual Automobile Insurance Co., 661 So.2d 1300 (Fla. 3d DCA 1995), which expressly and directly conflicts with the opinion in Fladd v. Fortune Insurance Co., 530 So.2d 388 (Fla. 2d DCA), review denied, 539 So.2d 475 (Fla.1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we approve Lee, disapprove Fladd, and hold that the statute of limitations for an action based on an insurer's failure to pay personal injury protection (PIP) benefits begins to run when the insurer breaches its obligation to pay.
The respondents, Kunbok and Gisun Lee, are policyholders of petitioners State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively referred to as "State Farm"). The Lees and their daughter were involved in an automobile accident on December 18, 1988. As a result of the accident, the minor daughter sustained personal injuries and sought and received medical treatment at Jackson Memorial Hospital.[1] A claim for personal *819 injury protection (PIP) benefits under the State Farm policy was denied on or about February 18, 1989. On February 14, 1994, over five years after the accident, respondents filed suit against State Farm for recovery of the PIP benefits.
State Farm moved to dismiss the action on the ground that it was barred by the statute of limitationswhich it claimed began to run on the date of the accident. The trial court granted petitioners' motion and dismissed the action. The district court reversed, holding that the limitations period ran from the time the insurer breached its contract of insurance by failing to pay the claim and that, therefore, the action was not barred. Lee, 661 So.2d at 1300.
There is a clear division among the district courts as to what event triggers the commencement of the statute of limitations for filing an action for PIP benefits. The Second District has held that the statute of limitations for an action based on an insurer's failure to pay PIP benefits begins to run on the date of the accident. Fladd v. Fortune Insurance Co., 530 So.2d 388 (Fla. 2d DCA), review denied, 539 So.2d 475 (Fla.1988). The Fladd court reached this conclusion by applying the rationale of our decision in State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla.1982). In Kilbreath, we held that a cause of action for an uninsured/underinsured motorist (UM) claim arises on the date of the accident since the right of action stems from the plaintiff's right of action against the tortfeasor. Thus, we found that the statute of limitations begins to run on the date of the accident rather than on the date of compliance with the conditions precedent contained in the insurance contract. Id. at 633. Our decision took into account the fact that the uninsured motorist statute gives the insured the same cause of action against the insurer that he has against the uninsured/underinsured third party tortfeasor for damages for bodily injury. Id. at 634. Although Kilbreath involved an uninsured motorist claim, the Fladd court believed the Kilbreath rationale should apply to a cause of action for a PIP claim:
Section 627.736(4)(d)4, Florida Statutes (1981), specifically provides that the insurer of the owner of the motor vehicle must pay PIP benefits for accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle. Section 627.736(3), Florida Statutes (1981), provides that the injured party, or his legal representative, may not recover any damages for which PIP benefits are paid or are payable. Clearly, the accidental bodily injury triggers the insurer's duty to pay. A cause of action for a PIP claim, like a cause of action for an uninsured/underinsured motorist claim, "stems from the plaintiff's right of action against the tortfeasor" and, thus, arises on the date of the accident.

530 So.2d at 390-91 (emphasis added).[2]
The Third District, on the other hand, has subscribed to the position taken earlier by *820 the Fourth District in Levy v. Travelers Insurance Co., 580 So.2d 190 (Fla. 4th DCA 1991). Levy held that the limitations period begins to run on the date of the insurer's alleged breach of contracti.e., the date when PIP benefits under the policy become overdue.[3] In its opinion, the Levy court concluded that Fladd was wrongly decided because it relied on an uninsured motorist case:
The Fladd case, in turn, relied upon State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla.1982), in arriving at is conclusion. Kilbreath involved a cause of action for uninsured motorist (UIM) coverage, which the supreme court described as a cause of action that stems from plaintiff's right of action against the tortfeasor and, thus, arises on the date of the accident. As the court said in that case, "the uninsured motorist statute gives the insured the same cause of action against the insurer that he has against the uninsured/underinsured third party tortfeasor for damages for bodily injury." Id. at 632, 633.
The cause of action in this case is a first party claim in contract for failure to pay the contractual obligation for personal injuries sustained, regardless of fault. The coverage is mandated by section 627.736(1), Florida Statutes (1981), in all policies complying with the security requirements of section 627.733, Florida Statutes. With regard to the payment of PIP benefits, section 627.736(4)(b) provides:
Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.
It is apparent that, pursuant to the statute, the insurer has no obligation to pay benefits to the insured until thirty days after receipt of the insured's claim. We see no reason to depart from the usual and customary rules regarding the application of the statute of limitations to insurance contracts unless there is an exception brought about by the nature of the claim as in the UIM instance set forth in Kilbreath.

580 So.2d at 191 (emphasis added); see also Lumbermens Mut. Casualty Co. v. August, 530 So.2d 293, 295 (Fla.1988) (recognizing that action to recover uninsured motorist benefits is not strictly an action dealing with contract, but also involves some aspects of tort action); Fradley v. County of Dade, 187 So.2d 48 (Fla. 3d DCA 1966) (holding that where plaintiff elected to bring action on breach of contract theory, cause of action accrued from time of breach or neglect, rather than from time when consequential damages resulted or became ascertained).
The Levy court also quoted with approval a New York appellate opinion:
Turning now to the accrual date, it is the general rule that "[i]n contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach ..." (Kassner & Co. v. City of New York, 46 N.Y.2d 544, 550, 415 N.Y.S.2d 785, 389 N.E.2d 99). Application of this principle mandates rejection of the accrual date urged by defendant, for at the time of the accident defendant owed no contractual obligation to pay first-party benefits and, therefore, it had not yet breached any contractual obligation. Defendant's obligation to pay the first-party benefits required by its policy arose "as the loss [was] incurred" and benefits "are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained" (Insurance Law, *821 § 675, subd. 1; see, also, Montgomery v. Daniels, 38 N.Y.2d 41, 47, 378 N.Y.S.2d 1, 340 N.E.2d 444). Interest on the benefits begin to accrue when the payment is overdue (Young v. Utica Mut. Ins. Co., 86 A.D.2d 764, 448 N.Y.S.2d 83), and we conclude that an insured's cause of action to recover the unpaid benefits accrues at the same time.
Micha v. Merchants Mut. Ins. Co., 94 A.D.2d 835, 463 N.Y.S.2d 110, 111-12 (N.Y.App.Div. 1983).
After careful consideration, we adopt the Third and Fourth Districts' position on this issue. Using the date the insurance contract is breached is the most logical event to begin the running of the statute of limitations. Section 95.11(2)(b), Florida Statutes (1995), provides that a "legal or equitable action on a contract, obligation, or liability founded on a written instrument" should be commenced within five years. The intent of section 95.11(2)(b) is to limit the commencement of actions from the time of their accrual. Cf. Walker v. Beech Aircraft Corp., 320 So.2d 418 (Fla. 3d DCA 1975) (applying same intent to statute of limitations for wrongful death actions), cert. dismissed, 338 So.2d 843 (Fla.1976). However, a cause of action cannot be said to have accrued, within the meaning of the statute of limitations, until an action may be brought. Loewer v. New York Life Ins. Co., 773 F.Supp. 1518, 1521 (M.D.Fla.1991). Generally, a cause of action on a contract accrues and the statute of limitations begins to run from the time of the breach of contract. Fradley, 187 So.2d at 49.
In determining when the insurance contract at bar was breached, when an action could have been brought, and thus, when the statute of limitations began to run, the statutory provision regarding PIP benefits is also relevant. Section 627.736(4)(b), Florida Statutes (1995), provides in part: "Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same." Pursuant to this statute, State Farm had no contractual obligation to pay PIP benefits until thirty days after receipt of respondents' PIP claim. However, once the thirty days elapsed and no benefits were paid on the claim, assuming they were properly due, State Farm had effectively breached their contract with respondents. At the time of the accident, and before any PIP benefits were due, respondents could not have brought an action against State Farm for PIP benefits and thus the statute of limitations did not begin to run. It was only upon State Farm's denial of the actual PIP claim that the limitations period began running.
Accordingly, we approve the decision of the district court below and hold that the statute of limitations for an action based on an insurer's failure to pay PIP benefits begins to run on the date of the insurer's alleged breach of contract. We disapprove Fladd v. Fortune Insurance Co., 530 So.2d 388 (Fla. 2d DCA), review denied, 539 So.2d 475 (Fla.1988), insofar as it is inconsistent with our holding here today.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] On January 23, 1989, the respondents' daughter died from injuries sustained in the automobile accident.
[2] The Second District's rule appears to beg the questions: What happens if an insurer voluntarily pays PIP benefits to the end of the limitations period and then declines further benefits? Is the insured foreclosed from recovery because the limitations period has run and no complaint has been filed? Although this precise issue was not considered by the Fladd court, see 530 So.2d at 391 n. 1, the Second District confronted this issue in Donovan v. State Farm Fire & Casualty Co., 574 So.2d 285 (Fla. 2d DCA 1991). In Donovan, the Second District carved out an exception to the Fladd rule and noted that "the clear intent of the [Fladd] court was to exempt from the operation of the opinion those situations in which the insurer has accepted a PIP claim, made payments thereon, and then for any reason, refused further benefits. Fladd, therefore, has no application here." Id. at 286. Ironically, the newly created exception in Donovan was grounded in contract law:

Such situations are to be governed by the general principles of contract law. When parties are voluntarily acting pursuant to a contract, there is no cause of action upon that contract until a breach occurs. In regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running. Here, Donovan submitted medical bills and State Farm paid them over a period of three years until State Farm notified Donovan in writing, on November 17, 1986, that it would make no further payments. Only at that point did Donovan acquire a right to sue which began the statute running. His complaint was therefore timely filed within the five-year limitation period.
Id. (citations omitted); see also Roth v. State Farm Mut. Auto. Ins. Co., 581 So.2d 981 (Fla. 2d DCA 1991) (applying Donovan exception and noting that insured cannot extend limitations period by repeatedly resubmitting same claim).
[3] In Levy, the insured, Howard Levy, sought PIP benefits from his insurer, Travelers Insurance Company. Travelers refused to pay the benefits and Levy brought suit against Travelers. The trial court dismissed Levy's complaint based on the five-year statute of limitations found in section 95.11(2)(b), Florida Statutes (1981). On appeal, Travelers contended that the statute of limitations commenced upon the date of the accident giving rise to the claim. Levy, on the other hand, argued that the statute did not commence running until the contract was breached. 580 So.2d at 191. The district court agreed with Levy and held that "the tolling of the five-year statute of limitations commences upon the breach of the insurance contract." Id.