[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/23/99
THOMAS K. KAHN
CLERK

_____

No. 97-5874

_____

D.C. Docket No. 94-7205-CV-DLG

STEPHEN M. DINERSTEIN,

Plaintiff-Appellee,

versus

PAUL REVERE LIFE INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 23, 1999)**

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and RONEY, Senior Circuit Judge.

BARKETT, Circuit Judge:

Paul Revere Life Insurance Company ("Paul Revere") appeals the final judgment entered pursuant to a jury verdict in favor of Stephen Dinerstein on Dinerstein's action for benefits under his disability insurance policy. Dinerstein sued Paul Revere for breach of contract claiming that he was paid monthly disability benefits in an amount less than that to which he was entitled. The disagreement between the parties involves the question of whether Dinerstein's original policy contained a rider which provided for a reduction in benefits once he qualified for Social Security payments.

On appeal, Paul Revere asserts that the judgment must be reversed because: 1) Dinerstein's claim is barred by *res judicata* and by the statute of limitations; 2) the district court erroneously excluded relevant and material evidence in support of its defense; 3) the jury verdict was against the manifest weight of the evidence; and 4) the district court erred by reserving jurisdiction to award attorney fees and awarding pre-judgment interest. We find that the statute of limitations bars Dinerstein's claim and therefore reverse the final judgment of the district court.[1]

**Background**

In 1983, Stephen Dinerstein purchased from Paul Revere various insurance policies, both business and personal, to insure against loss if he became disabled. These policies included a personal disability policy, which is the only policy at issue here. In 1986, Dinerstein became disabled and, under this personal disability policy, received benefits for the next twelve months in the amount of $2,000 per month until December 1987, at which time he qualified for Social Security benefits. Thereafter, Dinerstein's disability benefits under the policy were reduced by Paul Revere to $1,400 per month. When Dinerstein inquired about the reduction in his payments, Paul Revere explained that the rider attached to his original policy provided for the reduction as soon as he qualified for Social Security payments. Dinerstein responded that such a rider had not been included in the policy he had received and that he was entitled to $2,000 per month. Paul Revere disputed this assertion and continued to pay only the $1,400 per month, which Dinerstein continued to accept.

---

1 Because we find that the statute of limitations controls, we need not address the remaining issues in this case.

In November 1994, Dinerstein filed this suit against Paul Revere in state court claiming that he was entitled to $2,000 per month under his disability policy and not the $1,400 he had been receiving after his Social Security benefits began. The case was removed to federal district court and tried before a jury. At trial, the jury found in Dinerstein's favor and the district court entered judgment awarding Dinerstein $102,572.75: $66,000 in past due disability payments calculated at $600 per month from July 1988 to August 1997, as well as $35,784 in prejudgment interest and $788.75 in costs. The court also found that Dinerstein was entitled to future disability payments of $2,000 per month to the age of 65, and reserved jurisdiction to award attorney fees. Paul Revere appeals from this judgment.

**Discussion**

Under Florida law, a "legal or equitable action on a contract, obligation, or liability founded on a written instrument" must be commenced within five years. Fla. Stat. § 95.11(2)(b) (1995). The Florida Supreme Court has held that, under § 95.11(2)(b), a breach of contract action on an insurance contract accrues on the date the contract is breached. See State Farm Mutual Automobile Insurance Co. v. Lee, 678 So.2d 818, 821 (Fla.1996).

Paul Revere argues that Dinerstein's cause of action accrued in July 1988, when Paul Revere reduced the payments under Dinerstein's personal disability policy from $2,000 to $1,400 per month following the commencement of his Social Security benefits. Thus, Paul Revere claims, the statute of limitations expired in 1993, before this lawsuit was filed. Dinerstein, on the other hand, argues that he is suing on a debt payable by installments and that the statute of limitations for installment contracts runs against each installment from the day it becomes due. Based on this reasoning, Dinerstein maintains that each underpayment under the

3

policy constitutes a continuing breach and that he should therefore be permitted to bring suit for the installments due within the limitations period. To support his position, Dinerstein relies on Bishop v. State of Florida, Div. of Retirement, 413 So.2d 776 (Fla. Dist. Ct. App. 1982).

In Bishop, the plaintiffs were retired teachers entitled to pension benefits based upon a plan that they claimed was intended to pay retirees approximately half of their final salaries after twenty-five years of service. In fact, however, none of the mathematical formulations for payments under the statute formalizing the pension plan guaranteed such an amount, see Fla. Stat. § 238.07, and a shortfall in the annuity fund from which these benefits were paid led to the retirees receiving approximately $1,000 less than the retirees expected. See id. at 777-78.

Plaintiffs filed suit in 1980. Because more than five years had passed since they retired and began receiving pension benefits, the state argued that the statute of limitations had expired on their claim. The court, understanding the annuity payments as a debt payable in installments, rejected the state's argument on the ground that the statute of limitations for breach of an installment contract runs against each installment. At the same time, however, the court concluded that there was no deficiency due under the statute establishing the annuity program – and therefore no breach of contract. See id. at 778 (the state's failure to realize the teachers' expectations "because of a shortfall in the annuity cannot be transformed into a breach of contract by the state"). And because the court found that the underpayments caused by the shortfall did not constitute a breach under the relevant Florida statute, there was no issue in Bishop as to when any cause of action for breach of contract accrued.

We therefore find Bishop totally inapplicable to the case before us. The cause of action here is not for a debt payable by installments; it is rather a cause of action seeking to define the

4

rights and obligations of the parties under the original insurance contract. The Florida Supreme Court has directly addressed this issue and held that a breach of contract action on an insurance contract accrues on the date the contract is breached. See State Farm, 678 So.2d at 821.

We find the case before us to be controlled by State Farm, and also by Donovan v. State Farm Fire & Casualty Co., 574 So.2d 285 (Fla. Dist. Ct. App. 1991), a case even more directly on point. In Donovan, the court recognized that in an insurance contract the statute of limitations begins to run when the contract is breached, and specifically held that a breach occurs when an insurer first refuses to pay the claim at issue. Donovan had been injured in a car accident in 1983. His insurer, State Farm, paid a number of his medical bills over the subsequent three years. In 1986, State Farm notified Donovan that it would make no further payments. Donovan brought suit for declaratory relief in 1989, seeking a determination of his rights and State Farm's obligations under his policy. State Farm argued that the suit was barred because the five-year statute of limitations had begun to run on the date of the accident in 1983 and had therefore expired. The court held that the statute of limitations had not expired, finding that "with regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running." Id. at 286; see also State Farm, 678 So.2d at 819-21 (citing Donovan with approval and holding that the date the insurance contract is breached is the most logical event to begin the running of the statute of limitations.).

In the case before us, the issue is not whether the total amount due under a particular installment was fully paid, but rather whether it was owed in the first place.[2] In this case,

_____

2 The district court judgment declared that Dinerstein is entitled to *future* disability payments of $2,000, a remedy unavailable on a claim for past due installments. In this way, the final judgment of the district court effectively treats Dinerstein's claim as we suggest it ought to be treated – as a declaration of the amount of coverage owed under the original policy and not as a

according to Dinerstein, Paul Revere reduced his benefits by $600 per month "approximately one year" after he began receiving them in December 1986.  Thus, under Dinerstein's own chronology, the breach occurred in December 1987.  Even under the district court's order, finding that the benefits were reduced in July 1988, the statute of limitations still expired no later than July 1993, well before this lawsuit was filed in November 1994.

Because the statute of limitations bars this cause of action, we **REVERSE** the judgment of the district court and **REMAND** with instructions that the district court enter judgment for Paul Revere.

**REVERSED AND REMANDED.**

---

claim on a debt payable by installments. .