SWANN, Judge.
Defendant insurance companies filed interlocutory appeals (consolidated for appellate purposes) from two orders of a chancellor, which denied their motions to dismiss plaintiff’s complaints for declaratory decree.
Plaintiff’s complaint alleged essentially that he took out policies from the two companies which insured him against total and permanent disability; that he is totally and permanently disabled as defined by the policy, but that the defendants deny this and will not pay him the benefits to which he was entitled; that he is in doubts as to his rights and privileges and therefore prays for a declaratory decree.
The complaint suffers from the same de-ficiences as noted by the Supreme Court in Columbia Casualty Co. v. Zimmerman, Fla. 1952, 62 So.2d 338. In commenting on the requirements for a declaratory decree action the court stated :
* * * * * *
“It appears that the controversy which gives rise to this appeal does not embrace any question of the construction or validity of a statute, regulation, municipal ordinance, contract, deed, will or other article, memorandum or instrument or any part thereof. The thing which the appellant asserts it is seeking to have construed is an insurance policy, the validity or construction of any portion of which is not in question. (Emphasis added)
“The policy provides, in effect, that if the automobile covered by the policy is being driven by someone without the knowledge and consent of the insured, the insurance company is not liable to the insured and is not required to defend under the policy. This provision is plain and unambiguous. (Emphasis added)
“The question of whether or not the automobile was being driven with the knowledge and consent of the insured was a question of fact to be determined as any other question of fact and requires no construction of the insurance policy in order to determine the meaning thereof. (Emphasis added)
* * * * * *
“The complaint in this case shows on its face that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not the automobile was being driven with, or without, the knowledge and consent of the insured. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract. It is simply a doubt as to what will be the ultimate outcome of a consideration of the facts bearing on the question of whether or not the automobile was being driven with the knowledge and consent of the insured.” (Emphasis added)
Similarily, the only doubt alleged here is a doubt as to the ultimate determination of the fact of whether plaintiff was or was not permanently and totally disabled, subsequent to the defendants’ issuance of an insurance policy, the terms of which were clear and unambiguous.
*581 Declaratory judgment does not He for such a situation under the authority of Columbia Casualty, supra.
The order denying the motions to dismiss is reversed and the cause remanded for action consistent herewith.
Reversed and remanded.