COWART, Judge.
This is a suit by an insured against her insurer to collect medical and lost wages benefits under the personal injury protection provision of her automobile insurance policy.
Appellee requested appellant to submit to an orthopedic examination by a physician whose office was in Daytona Beach in Volu-sia County, Florida. Appellant, who resided in Bunnell, in Flagler County, Florida, refused to submit to the examination. There was no qualified physician to conduct such examination in Bunnell but there was in Ormond Beach, Florida. Section 627.-736(7)(a), Florida Statutes (1979), which authorizes an insurer to request an insured to submit to such a physical examination, provides:
Such examination shall be conducted within the city of residence of the insured. If there is no qualified physician to conduct the examination within the city of residence of the insured, then such examination shall be conducted in an area of the closest proximity to the insured’s residence, [emphasis added]
Holding that under these circumstances the City of Daytona Beach was within an area of the closest proximity to Bunnell and that appellant’s refusal was unreasonable the trial court entered summary judgment for appellee.
We affirm. “An area” within the meaning of this statute does not mean the geographically closest city. Ormond Beach, Holly Hill and Daytona Beach are all within the same metropolitan area nearest to Bun-nell having a population sufficient to justify and sustain a choice of orthopedic physicians. The distance from appellant’s residence to the office of the doctor selected by the insurer was not so great as to cause appellant undue inconvenience. She should have gone and her refusal was unreasonable.
AFFIRMED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.