HENDRY, Judge.
Plaintiff appeals from a summary final judgment entered in favor of defendant and an order denying plaintiff’s motion for summary judgment. Plaintiff’s action for declaratory relief relative to her entitlement to continued personal injury protection benefits under a policy of insurance issued by Allstate Insurance Company (Allstate) arose from the following facts.
Plaintiff, a resident of Key Largo, in Monroe County, Florida, sustained personal injuries in an automobile accident on May 15,1983. She applied for and began receiving personal injury protection benefits from defendant Allstate as provided for under its insurance policy. On two separate occasions in July, 1983 Allstate requested, pursuant to the provisions of its insurance policy[1] and section 627.736(7)(a), Florida Statutes (1979),[2] that plaintiff sub *291 mit to a physical examination by a doctor whose office was located in Homestead, in Dade County, Florida. Plaintiff failed to appear at either of the scheduled examinations. Allstate subsequently discontinued plaintiffs personal injury protection benefits and plaintiff brought suit.
Plaintiffs motion for summary judgment was based upon the fact that Allstate never requested that she submit to an independent medical examination in the county in which she resided but requested that she be examined in a city (Homestead) in the adjacent county (Dade), in violation of section 627.736(7)(a), Florida Statutes (1979). Defendant Allstate’s motion alleged, inter alia, that plaintiffs refusal to attend the scheduled examination by a qualified orthopedic physician whose office was in Homestead, Florida was unreasonable as a matter of law since there is no city on the island of Key Largo; Key Largo is the first key south of Homestead, Florida, connected by highway; Homestead is within an area nearest to Key Largo which would have a choice of orthopedic physicians; and the required travel was not such as to cause plaintiff undue inconvenience.
Additional undisputed facts were present in the record, depositions and affidavits considered by the trial court in ruling on the parties’ motions for summary judgment. An affidavit from the Florida Secretary of State attested that Key Largo is not an incorporated municipality. Other affidavits showed that there were two doctors who specialized in orthopedic medicine and had offices in Key Largo, Florida during the summer of 1983.
The trial court denied plaintiff’s summary judgment motion and entered final summary judgment for defendant.
It is plaintiff/appellant’s contention that the trial court erred in granting summary judgment for defendant/appellee because the existence of a city of residence for plaintiff was not established and thus plaintiff could not, as a matter of law, have violated either the policy or the statute (section 627.736(7)(a)). Appellant also contends the court erred in failing to enter summary judgment upon her motion.
We agree that the trial court erred, as a matter of law, in entering final summary judgment for defendant/appellee. The record before the trial court established that plaintiff did not live in any city. Therefore the only applicable statutory and contractual requirement was that she submit to independent medical examination which “shall be conducted in an area of the closest proximity to the insured’s residence ” where there is a “qualified physician”. § 627.736(7)(a), Fla.Stat. (1979) (emphasis supplied).
In Wicker v. Hartford Accident & Indemnity Co., 404 So.2d 393 (Fla. 5th DCA 1981), the fifth district affirmed the entry of summary judgment against the insured on the basis of her unreasonable refusal to submit to a requested examination. Under circumstances where there was no qualified physician in the insured’s city of residence, the court held that
‘An area’ within the meaning of this statute does not mean the geographically closest city. Ormond Beach, Holly Hill and Daytona Beach are all within the same metropolitan area nearest to Bun-nell [city where insured resided] having a population sufficient to justify and sustain a choice of orthopedic physicians. The distance from appellant’s residence to the office of the doctor selected by the insurer was not so great as to cause appellant undue inconvenience. She should have gone and her refusal was unreasonable.
404 So.2d at 393. Thus, while Wicker did not state that the examination must be conducted in the “geographically closest city,” it did require that it be “within the ... metropolitan area nearest to [the city of insured’s residence] having a population sufficient to justify and sustain a choice of orthopedic physicians ... [and at a distance from the insured’s residence] ... not so great as to cause [her] undue inconven- *292 fence.”[3] In the .instant case, a genuine issue of material fact exists concerning the geographic area within which plaintiff is required to submit to examination, under the applicable statutory language and case law.
In accordance with the foregoing reasons and authorities we reverse the summary judgment entered in favor of defendant/ap-pellee and remand the cause for such further proceedings as may be necessary to determine the geographic area within which plaintiff is required to submit to examination. Because of our disposition of this issue we decline to address the issue of the propriety of the denial of plaintiffs summary judgment motion.
Reversed and remanded for further proceedings.

. The pertinent policy provision states:
If the mental or physical condition of an injured person is material to any claim under this coverage, that person may be required to take mental or physical examinations at our request. If an injured person unreasonably refuses to take the examination, we are not required to pay any subsequent personal injury protection benefits. We will pay the expense of any examination we request. The examination will be given in the injured person’s city of residence. If there is no qualified physician in the injured person’s city of residence, the examination will be given in an area nearest to the injured person’s city of residence. (Emphasis supplied.)

. (7) MENTAL AND PHYSICAL EXAMINATION OF INJURED PERSON; REPORTS.
ía) Whenever the mental or physical condition of an injured person covered by personal injury protection is material to any claim that has been or may be made for past or future personal injury protection insurance benefits, such person shall, upon request of an insurer, submit to mental or physical examination by a physician or physicians. The costs of any examinations requested by an insurer shall be borne entirely by the insurer. Such examination shall be conducted within the city of residence of the insured. If there is no qualified physician to conduct the examination within the city of residence of the insured, then such examination shall be conducted in an area of the closest proximity to the insured’s residence. Personal protection insurers are authorized to include reasonable provisions in personal injury protection insurance policies for mental and physical examination of those claiming personal injury protection insurance benefits. (Emphasis supplied.)

. The fifth district has recently followed Wicker in Progressive American Insurance Co. v. Belch-er, 496 So.2d 841 (Fla. 5th DCA 1986), a certio-rari proceeding. The court stated:
[I]f an insured does not live in a city, or if that city lacks qualified physicians, then he can be required to submit to an independent medical examination by his insurer, pursuant to section 627.736(7)(a), in any of a cluster of cities comprising the closest metropolitan area, and ... the insurer is not limited to the geographically closest city.
Id. at 843.