573 So.2d 90 (1991)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Avraham GIL, David Stone, and David Singer, Appellees.
No. 90-910.
District Court of Appeal of Florida, Third District.
January 2, 1991.
*91 Walton Lantaff Schroeder & Carson, and G. Bart Billbrough, Miami, for appellant.
David W. Singer, and Steven S. Farbman, Hollywood, for appellees Avraham Gil and David Singer.
David Stone, Miami, pro se.
Before JORGENSON, GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellant, State Farm Mutual Automobile Insurance Company (State Farm), appeals a final order awarding appellees, Avraham Gil, David Stone, and David Singer, attorneys' fees. We affirm in part, reverse in part, and remand.
In July, 1988, Avraham Gil (Gil) had an automobile accident where he sustained personal injuries. Initially, State Farm, Gil's personal injury protection (PIP) insurer, paid Gil's medical bills arising from the accident. In November, 1988, State Farm informed Gil that it would not pay any further medical bills, because Gil's ailments were not from the accident.
Shortly thereafter, Gil retained attorney David Stone (Stone) to institute a PIP suit against State Farm. Stone subsequently had the cause set for trial. In May 1989, Stone withdrew from representing Gil, and the Law Offices of David Singer, P.A. (Singer) undertook representation of Gil.
At trial, the jury awarded Gil $1,375 in damages. This award was the exact amount of a medical bill submitted by a physician who had conducted a medical examination of Gil. This medical bill had been provided to State Farm after Stone had withdrawn from representing Gil.
Post-trial, Stone and Singer each moved for attorney's fees pursuant to section 627.428, Florida Statutes (1989). State Farm opposed both motions. After a hearing, the trial court awarded Stone, attorney's fees in the amount of $5,000, and Singer, attorney's fees in the amount of $18,000.
State Farm first contends that Stone was not entitled to any attorney's fees because the jury awarded payment for medical treatment, which was billed to State Farm after Stone had withdrawn from representing Gil. State Farm has no authority for this contention.
State Farm's reliance on Obando v. Fortune Insurance Company, 563 So.2d 116 (Fla. 3d DCA 1990), is misplaced. In Obando, 563 So.2d at 117, there were no unpaid medical bills pending, and the insurer had merely requested "follow-up information and any additional medical bills." Here, State Farm denied further payment of Gil's medical bills before Stone filed suit on behalf of Gil.
Florida law provides that when a PIP insurer denies payment of medical benefits arising out of a use or operation of a motor vehicle, and the insured prevails in an action against the insurer for such benefits, the insured is entitled to recover his reasonable attorney's fees. §§ 627.428, 627.736, Fla. Stat. (1989). We therefore find State Farm's contention that Stone is not entitled to recover attorney's fees, devoid of merit.
State Farm next asserts that the trial court erred in failing to set forth specific findings supporting the award of attorney's fees as required in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). On this point, we agree.
*92 Rowe mandates that a trial court, in determining the proper amount of attorney's fees, set forth specific findings as to hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors. Abdalla v. Southwind, Inc., 561 So.2d 468 (Fla. 2d DCA 1990); Frechter v. Frechter, 548 So.2d 712 (Fla. 3d DCA 1989); Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986).
It is undisputed that in this case, the trial court failed to make the requisite findings. On remand we direct the trial court to conduct a new evidentiary hearing on this matter because the record contains insufficient evidence to support the award of attorneys' fees.
Accordingly, we affirm the trial court's ruling that Stone and Singer are entitled to attorneys' fees, but reverse and remand for a new evidentiary hearing to redetermine the amount of attorneys' fees and to set forth its specific findings in accordance with Rowe, 472 So.2d at 1151.
Affirmed in part, reversed in part, and remanded.