PER CURIAM.
Assuming, without deciding, that the insured Berineth Ponders unreasonably refused to submit to an examination by a chiropractor scheduled by the agent of her insurer Fortune Insurance Company on January 4, 1990, a matter concerning which we have grave doubt — we nonetheless conclude that Fortune was not entitled to deny PIP benefits to the insured under Section 627.736(7)(b), Fla.Stat. (1989) based on this refusal. We reach this result because Fortune waived whatever rights it had, if any, to deny PIP benefits to the insured based on the aforesaid refusal when Fortune, through its agent, rescheduled the same *1130 chiropractic examination for January 24, 1990, before the same chiropractor but at an office located considerably closer to the insured’s residence than the first examination. We think this rescheduling of the examination at a more convenient location for the insured constitutes an implicit admission by Fortune that the first examination was not scheduled in “an area of the closest proximity to the insured’s residence” where there was a “qualified physician” as required by the above statute. See Frielingsdorf v. Allstate Ins. Co., 497 So.2d 289, 291 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1040 (Fla.1987). This being so, Fortune was not privileged to thereafter cancel the January 24 examination and deny PIP benefits to the insured based on the latter’s failure to keep the first appointment. See Thomas N. Carlton Estate v. Keller, 52 So.2d 131, 133 (Fla.1951); Rader v. Prather, 100 Fla. 591, 130 So. 15 (1930).
The final summary judgment under review is reversed and the cause is remanded to the trial court with directions: (1) to entertain the insured Berineth Ponders’ complaint for declaratory relief on the merits, and (2) to conduct further proceedings in the cause.
Reversed and remanded.