586 So.2d 91 (1991)
Nivaldo F. CRUZ, Jr., Appellant,
v.
UNION GENERAL INSURANCE, Appellee.
No. 91-274.
District Court of Appeal of Florida, Third District.
September 24, 1991.
Marc L. Goldman, Miami, Carlos Lidsky, Hialeah, for appellant.
Sherman, Waldman, Bell & Ritter and Jeffrey Bell, Boca Raton, for appellee.
Before BASKIN, JORGENSON and GODERICH, JJ.
PER CURIAM.
Nivaldo Cruz appeals from an order dismissing with prejudice his action for declaratory relief. We affirm.
Cruz was injured in an automobile accident in July, 1989. He was insured by Union General Insurance for personal injury protection. Upon the insurer's request pursuant to section 627.736(7), Florida Statutes (1989), Cruz underwent an independent medical examination. After receiving the medical report from the independent examiner, Union General notified Cruz that it would no longer make voluntary payments for medical bills incurred after the date of the letter.
Cruz sued Union General for declaratory relief and for breach of contract. In the count for declaratory relief, Cruz sought a determination whether, under section 627.736(7), the examination and ensuing report by the independent medical examiner could properly form the basis for a denial of accrued and future medical expenses, relative to any and all medical specialties. The trial court, upon Union General's motion, dismissed the count for declaratory relief and transferred the breach of contract action to County Court.
The trial court was correct in dismissing the action for declaratory relief. Cruz's claim for incurred medical expenses requires a purely factual determination of whether his medical expenses were "reasonable, related, or necessary." Section 627.736(7). Questions of fact will not support a declaratory relief action. Columbia Casualty Co. v. Zimmerman, 62 So.2d 338 (Fla. 1952); Hartford Life Ins. Co. v. Albert, 191 So.2d 579 (Fla. 3d DCA 1966). Cruz's avenue of redress, therefore, is an action for breach of contract, which remains pending. Cf. Ponders v. Fortune Ins. Co., 578 So.2d 1129 (Fla. 3d DCA 1991) (declaratory action maintained to determine whether, under section 627.736(7), insurer had waived right to deny PIP benefits for insured's failure to keep appointment with independent medical examiner by rescheduling medical exam at location more convenient to insured); Frielingsdorf v. Allstate *92 Ins. Co., 497 So.2d 289 (Fla. 3d DCA 1986) (declaratory action maintained to determine whether insured who sought PIP benefits and did not live in city was required, under section 627.736(7), to submit to independent medical examination in city in adjacent county), rev. denied, 506 So.2d 1040 (Fla. 1987).
Because Cruz has a right to be compensated only for benefits that have already accrued, his complaint likewise failed to state a claim for declaratory relief regarding future medical expenses. See Aetna Life Ins. Co. v. Smith, 345 So.2d 784, 787 (Fla. 4th DCA) (except where insurer repudiates entire contract, right of action for insurer's failure to pay benefits limited to installments that have accrued at time of suit), cert. denied, 353 So.2d 678 (Fla. 1977); Monsanto Co. v. Fuqua, 280 So.2d 496 (Fla. 1st DCA), cert. denied, 286 So.2d 205 (Fla. 1973); Levenson v. Motor Union (Aviation) Orion Ins. Co., 176 So.2d 125 (Fla. 3d DCA 1965).
Affirmed.