759 So.2d 7 (2000)
PEACHTREE CASUALTY INSURANCE COMPANY, Petitioner,
v.
Amy J. WALDEN, Respondent.
No. 5D99-592.
District Court of Appeal of Florida, Fifth District.
March 3, 2000.
Daniel F. Pilka and Caroline A. Adams of Pilka & Associates, P.A., Brandon, for Petitioner.
Jay G. Sherwin of Blanchard, Merriam, Adel & Kirkland, P.A., Ocala, for Respondent.
THOMPSON, J.
Petitioner Peachtree Casualty seeks certiorari review of a decision of the circuit court acting in its appellate capacity. We deny relief.
Respondent Amy Walden was injured in an automobile accident in November 1996. She made a claim for personal injury protection (PIP) benefits under the policy issued by Peachtree. Peachtree paid the medical bills submitted by Walden, but later scheduled her for an independent medical examination as permitted under section 627.736(1)(a) and (7)(a), Florida Statutes. Based on the examination, Peachtree determined that further treatment was not reasonable, necessary, or related to the accident, and informed Walden through her attorney that it would not pay for medical treatment after 12 June 1997. After 12 June 1997, Walden continued to receive medical treatment.
On 2 July 1997, Walden sued Peachtree in the county court, alleging that Peachtree was in breach of the contract. After filing suit, Walden submitted the additional bills to Peachtree, and Peachtree paid them within 30 days. Peachtree moved for *8 summary judgment, claiming that it was not in breach of contract because, as required by statute, it had paid all of the bills submitted by Walden within 30 days of submission. In opposition, Walden argued that she was not required to give Peachtree 30 days to pay the bills, because it had notified her that it would not pay any further bills.
The county court entered summary judgment for Peachtree, ruling it undisputed that Peachtree had not received any bills between 12 June 1997 and the date Walden filed suit, and that Peachtree had paid all bills submitted before and after suit was filed. On appeal, the circuit court reversed based on Donovan v. State Farm Fire and Casualty Co., 574 So.2d 285 (Fla. 2d DCA 1991). The court ruled that Peachtree's notice that it would no longer pay benefits was a repudiation of the contract giving rise to a cause of action for breach of contract. The court further pointed out an important policy reason for its decision: "If actual breach is a prerequisite to a cause of action then the unintended result may be that some insurance companies will cancel benefit payments to their PIP insured and only resume making payments to those who question the denial." Peachtree timely filed its petition for writ of certiorari.
Section 627.736(4)(b), Florida Statutes, provides in part: "Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same." Peachtree argues that the circuit court departed from the essential requirements of the law because it paid the accrued bills within 30 days.
We agree with the circuit court. The notice Peachtree sent Walden, to the extent her treatment was necessary, reasonable and related to the accident, constituted an anticipatory breach of its agreement to provide those benefits. As stated in Arthur Corbin, Corbin on Contracts § 959 (1951), "It is now the generally prevailing rule in both England and the United States that a definite and unconditional repudiation of the contract by a party thereto, communicated to the other, is a breach of the contract, creating an immediate right of action and other legal effects, even though it takes place long before the time prescribed for the promised performance and before conditions specified in the promise have ever occurred." See also 11 Fla. Jur.2d Contracts § 307 (1997) ("An anticipatory breach of contract is one committed before the time has come when there is a present duty of performance, and is the outcome of words or acts evincing an intention to refuse performance in the future."); Restatement (Second) of Contracts § 253 (1981) (where obligor repudiates a duty before committing a breach by nonperformance and before receiving all of the agreed benefit, the repudiation alone gives rise to a claim for damages for total breach).
Although we assume without deciding that Walden did not have a cause of action for claims accruing post-litigation, see Aetna Life Insurance Co. v. Smith, 345 So.2d 784 (Fla. 4th DCA), cert. denied, 353 So.2d 678 (Fla.1977), Peachtree's notice gave rise to a cause of action for breach of contract with respect to the claims that accrued by the time of the litigation, see id.; Cruz v. Union General Ins., 586 So.2d 91 (Fla. 3d DCA 1991); State Farm Mut. Auto. Ins. Co. v. Gil, 573 So.2d 90 (Fla. 3d DCA 1991). We do not agree with Peachtree that this result renders the 30-day provision of the statute meaningless. Insurers have 30 days to provide the benefits unless they themselves announce that they will pay no benefits in any event. We do not think the insured is required to wait 30 days to see if the insurer was only kidding when it sent the notice.
State Farm Mutual Automobile Insurance Co. v. Lee, 678 So.2d 818 (Fla.1996) does not compel a different result. There, the court held that the statute of limitations *9 for an action based on the insurer's failure to pay PIP benefits begins to run when the insurer breaches its obligation to pay. Lee distinguished causes of action involving uninsured motorists coverage, which accrue on the date of the accident. Peachtree's reference to Lee begs the question at issue in the instant case, because, at bottom, Lee simply holds that a cause of action on a PIP contract accrues when the contract is breached. Lee recognized that the statute provides the insurer 30 days within which to make the payments, but Lee did not deal with a situation, like that presented here, in which the insurer gives notice in advance of a claim that it will not provide benefits.
Furthermore, we do not think Lee by implication overruled Donovan, on which the circuit court relied. Lee mentioned Donovan because it rightly applied contract principles to determine when the insured's cause of action accrued for purposes of the limitations period. In Donovan, the insured submitted medical bills and the PIP insurer paid them over a period of three years until the insurer notified the insured in writing that it would make no further payments. It was at that point, the Donovan court held, that the insured's cause of action arose. Accordingly, we deny the writ because the circuit court did not depart from the essential requirements of the law.
Peachtree also seeks review of the circuit court's award of attorneys fees to Walden. We agree with the circuit court that Walden was entitled to attorney's fees. See § 627.428(1) Fla. Stat.; Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217, 218-219 (Fla.1983).
WRIT DENIED.
DAUKSCH and COBB, JJ., concur.