789 So.2d 1045 (2001)
Dominique RADER, Petitioner,
v.
ALLSTATE INSURANCE COMPANY, Respondent.
No. 4D00-1492.
District Court of Appeal of Florida, Fourth District.
June 6, 2001.
Rehearing Denied August 6, 2001.
Gary M. Farmer, Jr. of Gillespie, Golden, Kronengold & Farmer, P.A., Fort Lauderdale, for petitioner.
Jacqueline G. Emanuel of Riley, Knoerr & Emanuel, Fort Lauderdale, for respondent.
TAYLOR, J.
Petitioner, Dominique Rader, seeks certiorari review of a decision of the circuit court, sitting in its appellate capacity, that affirmed dismissal of her complaint against Allstate Insurance Company (Allstate) for personal injury protection ("PIP") benefits. We deny the petition and approve the circuit court's opinion.
On April 5, 1996, petitioner was injured in an automobile accident. Between May and August of 1996, petitioner obtained medical treatment from various health care providers and received payment from Allstate for medical benefits under its PIP policy. Later, upon Allstate's request, petitioner submitted to an independent medical examination (IME). The IME physician concluded that petitioner had reached maximum medical improvement and that further medical treatment was not reasonable or necessary. By letter dated August 27, 1996, Allstate advised petitioner that it was discontinuing further medical benefits, effective September 2, 1996.
After receiving the letter, petitioner filed suit against Allstate in county court, alleging that she needed additional medical care and treatment for her injuries. Allstate *1046 moved to dismiss petitioner's complaint and for a more definite statement. The trial court granted both motions but gave petitioner leave to file an amended complaint. Petitioner filed an amended complaint, alleging that she needed additional medical care and treatment and that Allstate's refusal to pay more benefits constituted an anticipatory breach of the PIP policy. Allstate moved to dismiss the amended complaint on the grounds that petitioner failed to meet the conditions precedent to an action under Florida Statute section 627.736(4)(b), because she did not allege that she actually obtained any treatment and incurred any bills that were submitted to Allstate and denied after September 2, 1996.
The trial court granted Allstate's motion to dismiss the amended complaint with prejudice, agreeing that petitioner failed to "allege that she has submitted reasonable proof of losses and the amount of the expenses or losses incurred which have not been paid by [Allstate]." The court further explained that:
F.S. section 627.736(4) provides that PIP benefits are due and payable as loss accrues, upon receipt of reasonable proof of such loss and the amount of the expenses and loss incurred. Subsection (b) of said statute provides that an insurer has thirty days within which to pay such benefits after it is furnished with written notice of a covered loss and the amount of same. Plaintiff has not alleged that any such benefits are outstanding.
The court concluded that, "[a]s a matter of law, Rader did not comply with the conditions precedent to maintain an action for PIP benefits as set forth in F.S. section 627.736(4)(b)." In dismissing petitioner's amended complaint with prejudice, the court stated that "this Order shall not be construed to bar Plaintiff from bringing an action against Defendant should she in the future meet the conditions set forth in F.S. § 627.736(4)." The court denied petitioner's motion for leave to file a second amended complaint to plead a cause of action for declaratory relief. Petitioner appealed both orders to the circuit court.
The case was assigned to a single circuit court judge for appellate review. Petitioner moved to assign the appeal to a three-judge panel. The assigned circuit judge denied petitioner's motion, ruling "that it has no authority by either local rule or the Florida Rules of Appellate Procedure to impanel a three-judge panel to hear said appeal."
On appeal to the circuit court, petitioner contended that the trial court erred in dismissing her amended complaint. She argued that Allstate's letter advising that it would no longer pay benefits constituted a repudiation and anticipatory breach of its contractual obligation under the policy and gave rise to a cause of action for breach of contract. Petitioner maintained that she should not be forced to incur personal liability for medical treatment associated with her injuries, when Allstate had unequivocally indicated it would not pay these bills.
Relying on Cruz v. Union General Insurance, 586 So.2d 91 (Fla. 3d DCA 1991), Allstate responded that the trial court correctly dismissed the amended complaint with prejudice, because an insured under an automobile policy has a right to be compensated only for medical benefits that have already accrued and cannot seek declaratory relief regarding future medical expenses. The circuit court affirmed the trial court's dismissal of the amended complaint, stating:
The Court below did not err in dismissing the Amended Complaint, which alleged an anticipatory breach of contract. Although the insurer's letter stating that it would not pay for further medical *1047 treatment may be an anticipatory breach of contract, such breach only relieves the Plaintiff from the condition precedent of submitting her claims to the Appellee 30 days prior to filing suit. Peachtree Casualty Ins. Co. v. Walden, 759 So.2d 7 (Fla. 5th DCA 2000).
The alleged anticipatory breach did not relieve the Plaintiff of the necessity of incurring and alleging damages in order to state a cause of action for breach of contract. Miller v. Nifakos, 655 So.2d 192 (Fla. 4th DCA 1995); Plowden & Roberts, Inc. v. Conway, 192 So.2d 528 (Fla. 4th DCA 1966). The Plaintiff failed to allege that she sustained any damages as a result of the Defendant's alleged breach. Further, a plaintiff cannot obtain a judgment for insurance benefits which have not as yet accrued. Aetna Life Ins. Co. v. Smith, 345 So.2d 784 (Fla. 4th DCA 1977): Cruz v. Union Gen. Ins., 586 So.2d 91 (Fla. 3d DCA 1991); Monsanto Co. v. Fuqua, 280 So.2d 496 (Fla. 1st DCA 1973); Walden. Since the Plaintiff did not incur any medical expenses which the Defendant did not reimburse, and any damages the Plaintiff might have sustained as a result of the alleged anticipatory breach are too speculative to sustain an action for breach of contract, this Court declines the opportunity to affirm the dismissal but remand with instructions to allow the Plaintiff to amend her complaint. Augustine v. Southern Bell Tel. & Tel. Co., 91 So.2d 320 (Fla.1956) distinguishing Byers v. Southern Bell Tel. & Tel. Co., 73 So.2d 875 (Fla.1954)(dismissal appropriate where on the face of the complaint damages are too speculative to be recoverable).
The Court understands the Appellant's frustration at the inability to obtain relief for the insurer's alleged anticipatory breach. However, if she had incurred reasonable, necessary, and related medical expenses after the insurer's letter, she would have had a cause of action against the Appellee for those claims without submitting them to the insurer and waiting 30 days.
On rehearing, the circuit court clarified that its opinion did not remand the case to allow petitioner an opportunity to file a "futile amendment" seeking declaratory relief, since "the plaintiff did not incur medical expenses after the letter and cannot sustain an action for breach."
Because we conclude that the circuit court did not depart from the essential requirements of the law or fail to afford petitioner procedural due process in affirming the county court's dismissal of her complaint with prejudice, we deny the petition. The county court correctly granted Allstate's motion to dismiss the amended complaint for failure to state a cause of action. Since petitioner did not allege that she incurred any medical bills that were denied or refused by Allstate, she failed to plead damages. Further, as the circuit court stated in its opinion, petitioner's reliance upon Peachtree is misplaced. 759 So.2d 7. Peachtree merely stands for the limited proposition that, where an insurer has notified an insured that it no longer considers medical treatment necessary and does not intend to honor future claims, it is unnecessary, under section 627.736(4)(b), Florida Statutes, for an insured to wait thirty days from the date a claim is submitted before filing a breach of contract action as to accrued claims. Unlike the petitioner in this case, the insured in Peachtree continued to receive medical treatment and submitted additional bills to the insurance company.
Finally, we reject petitioner's claim that she was denied procedural due process when her appeal from county court was assigned to a single judge rather than to a panel of three judges. In Florida Power & Light Co. v. City of Dania, 761 *1048 So.2d 1089 (Fla.2000), the Florida Supreme Court acknowledged that local rules of the Seventeenth Judicial Circuit permit a single qualified judge to function as the circuit court when conducting first-tier certiorari review. The court went on to note that, in contrast, the local rules in several other judicial circuits call for multi-judge appellate panels. Because no statewide criteria presently exists, the court referred this issue to the Rules of Judicial Administration Committee of the Florida Bar for study. Without a rule promulgated by the supreme court mandating three-judge appellate panels in the Seventeenth Circuit, we lack authority to require the circuit to empanel more than one judge to hear appeals. Moreover, in this case, petitioner has failed to demonstrate that appellate review by a single judge has deprived her of a fair and meaningful opportunity to be heard.
Accordingly, we deny the petition for certiorari relief.
PETITION DENIED.
STEVENSON, J., concurs.
GUNTHER, J., dissents with opinion.
GUNTHER, J., dissenting.
I respectfully dissent. Because the Petitioner has stated a cause of action, I would grant the Petitioner's petition for writ of certiorari.
Petitioner, Dominique Rader, was involved in an automobile accident. She sought medical treatment and submitted her claims to her insurer, Respondent Allstate Insurance Company, which paid the claims. At Allstate's request, she was examined by a doctor, who concluded that she had reached maximum medical improvement. Based on that conclusion, Allstate informed Rader by letter that it would not pay for any medical treatment because medical treatment was no longer reasonable or necessary.
Rader filed a complaint in county court against Allstate, alleging she needed additional medical care for injuries sustained in the accident and that Allstate's refusal to pay additional benefits constituted an anticipatory breach of the PIP policy. Pursuant to Allstate's motion, the court dismissed Rader's complaint with leave to amend. Rader filed an amended complaint, and again pursuant to motion, the court dismissed it, this time with prejudice. Before the court ruled on the motion, Rader moved for leave to file a second amended complaint to plead a claim for declaratory judgment. The court dismissed Rader's complaint with prejudice, ruling that as a matter of law, Rader could not maintain an action because she did not comply with subsection 627.736(4), Florida Statutes, by first incurring additional medical expenses and submitting them to Allstate for payment.
Rader appealed to the circuit court. Citing Peachtree Casualty Insurance Co. v. Walden, 759 So.2d 7 (Fla. 5th DCA 2000), the circuit court held that while Allstate's letter might have been an anticipatory breach of contract, it relieved Rader only of the requirement of submitting her claims to Allstate thirty days prior to filing suit but did not relieve her of the requirement of incurring and alleging damages prior to filing suit. According to the circuit court, because Rader did not incur any medical expenses that Allstate denied, any damages she might have sustained as a result of the anticipatory breach were too speculative to sustain an action. The circuit court held that if Rader later incurred reasonable, necessary, and related medical expenses, she would then have a cause of action against Allstate.
Rader now seeks certiorari relief in this Court. She must show that the court departed from the essential requirements of *1049 law in such a way as to cause a miscarriage of justice. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). In my opinion, Rader has done that.
Contrary to the circuit court's reading, Walden supports Rader's position. In Walden, just as in this case, the insured was injured in a car accident, sought medical treatment, and submitted her claims to her insurance company. See Walden, 759 So.2d at 7. The insurance company paid those claims, but then decided, based on an independent medical examiner's opinion, that it would no longer pay benefits because further treatment was neither reasonable nor necessary. See id. After the insurance company informed her of this by letter, the insured continued to receive medical treatment, but also filed suit for breach of contract against the insurance company. See id. After filing suit, the insured submitted the additional bills to the insurer, which paid them within thirty days. See id. The insurer then moved for summary judgment, arguing it was not in breach of contract because, as required by subsection 627.736(4), it paid all bills submitted to it within thirty days. See id. at 8. In rebuttal, the insured contended she was not required to give the insurer thirty days to pay the bills before filing suit because the insurer had already notified her it would not pay any additional bills. See id.
The county court entered summary judgment, but the circuit court reversed, ruling that the insurer's notice "it would no longer pay benefits was a repudiation of the contract giving rise to a cause of action for breach of contract." Id. The circuit court also identified an important policy reason for this decision: "`If actual breach is a prerequisite to a cause of action then the unintended result may be that some insurance companies will cancel benefit payments to their PIP insured and only resume making payments to those who question the denial.'" Id.
The insurer petitioned the Fifth District for a writ of certiorari. See id. The insurer argued that because subsection 627.736(4)(b) requires it only to pay within thirty days bills submitted to it, which it did, summary judgment was appropriate. See id. The Fifth District disagreed, stating that the notice the insurer sent the insured constituted an anticipatory breach of its agreement to provide benefits to the extent treatment was necessary, reasonable, and related to the accident. See id. The Fifth District specifically stated it was not deciding whether the insured had a cause of action for expenses that were incurred after she filed suit because there, given the facts and posture of the case, the focus was upon expenses that the insured had incurred prior to filing suit. See id. The court continued, "Insurers have 30 days to provide the benefits unless they themselves announce that they will pay no benefits in any event. We do not think the insured is required to wait 30 days to see if the insurer was only kidding when it sent the notice." Id. Based on this reasoning, the Fifth District held the circuit court did not depart from the essential requirements of law in allowing the insured's cause of action to survive summary judgment proceedings. See id. at 9.
Walden is not exactly on point with this case because in Walden, the facts were a little different. There, the insured actually incurred other expenses prior to filing suit. For that reason, the issue of whether the insured was required to incur expenses prior to filing suit was not before the court, as the court specifically recognized. See id. at 8. Still, the policy reasoning of Walden is instructive.
As the Walden court noted, the circuit court had identified a very important reason for concluding that a letter from an *1050 insurance company informing the insured that it would no longer provide medical benefits should provide sufficient basis to bring suit: If an insured is forced to wait until the insurance company actually breaches the contract before bringing suit, insurance companies might more readily cancel benefit payments and resume making payments only to those who fight it. See id. at 8. In the same vein, there are important policy reasons for not requiring an insured to incur medical expenses prior to filing suit when the insurance company has informed the insured that it will no longer pay benefits. Many insureds may not be able to afford to risk having to pay a large medical bill in the event the insurance company denies payment. Insureds for whom a large medical bill would be a financial hardship might then forego necessary medical treatment and suffer in pain. These insureds would thus be prevented from filing suit, whereas insureds who could more afford to pay a large medical bill in advance would be able to seek treatment and then file suit to challenge the insurer's decision to cease benefit payments. Couple that with insurance companies that might be more willing to cut off benefits prematurely in the hopes that only some of the insureds would challenge that decision. The ultimate result would be that insurance companies could use the judiciary's reluctance to recognize a cause of action not reinforced by medical receipts in order to avoid its obligation to pay benefits to an insured, while the only individuals who would ever have an opportunity to challenge the insurance company's decision would be those who could afford to do so. Such a result is grossly inequitable. But that aside, no insured, regardless of financial position, should be forced to risk liability for medical treatment just to bring suit when the insurance company has specifically informed him or her that it will no longer pay benefits. As the Walden court remarked, why should an insured have to test whether "the insurer was only kidding when it sent the notice." Id.
Another aspect of Walden is instructive. It is important to note that even though the insurance company had paid all of the expenses the insured submitted, the court still allowed her to proceed with her action for breach of contract. In other words, the insured was not seeking reimbursement for medical treatment already received because the insurance company had already paid all expenses. The same is true in this case. Here, Rader is not seeking reimbursement for medical treatment, either. Her reason for not seeking reimbursement for medical treatment is different from the insured's reason in Walden (i.e., Rader has not yet incurred expenses, while the insurance company in Walden already paid the insured's expenses), but that does not change the underlying principle here that when an insurance company informs an insured that it is cutting off benefits, the insured's cause of action is triggered by being notified of the insurance company's decision, not anything else. Just as the Fifth District held that the insurance company's letter constituted anticipatory breach and the insured's claim could proceed even in the absence of outstanding medical bills, so should this Court hold that Rader can proceed on her claim.
Contrary to the circuit court's decision, the speculative nature of money damages is not really the issue here. Rader's remedy is not necessarily money damages for medical treatment not yet sought. Rather, her remedy would at least in part be a ruling finding she has not in fact reached maximum medical improvement and that the insurance company must, therefore, cover any medical expenses the policy requires it to cover.
Moreover, to use subsection 627.736(4) to justify dismissing Rader's cause of action *1051 before she incurs medical expenses misses the point. Subsections 627.736(4) and (4)(b) provide that benefits are "due" upon receipt of proof of loss and expenses and that an insurer must pay a claim within thirty days of its submission. Here, Rader is not alleging that she submitted a bill to Allstate and that benefits are thus "due" or even overdue. Rather, she is alleging that even if she were to submit a medical bill, Allstate would not pay it despite the provisions of subsection 627.736(4)(b) because it has notified her of its belief it no longer must perform under the insurance contract. To state it another way, she is alleging that Allstate has anticipatorily breached the contractual and statutory duties it owes her. Nothing in subsections 627.736(4) and (4)(b) require Rader to first incur medical expenses and submit them to Allstate before bringing such an action.
In sum, Rader alleges she still requires medical treatment despite Allstate's conclusion she has reached maximum medical improvement. Taking that allegation as true, which a court must do on a motion to dismiss, see Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999), she should be able to litigate her entitlement to PIP benefits in light of Allstate's announcement it believed she had reached maximum medical improvement and was not required to pay further benefits under the policy. As Walden holds, Allstate's letter was an anticipatory breach of the insurance contract between the parties and she can pursue her cause of action without regard to whether she has outstanding medical bills. See Walden, 759 So.2d at 8-9. Thus, Rader has stated a cause of action to the extent she seeks a judgment determining whether she has in fact reached maximum medical improvement and whether she is entitled to benefits. Accordingly, I would grant certiorari and hold that under the unique facts presented in this case, the circuit court departed from the essential requirements of law by affirming the order dismissing Rader's complaint with prejudice.